UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY SEARS, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 4:CV-05-1471 |
| | : | |
| v. | : | |
| | : | |
| | : | (Judge McClure) |
| KAREN HOGSTEN, | : | |
| | : | |
| Respondent | : | |

_____

## **ORDER**

August 16, 2005

**Background**

    Leroy Sears ("Petitioner") initiated this pro se petition for writ of habeas corpus while confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSCI-Allenwood"). Named as Respondent is the LSCI-Allenwood Warden Karen Hogsten. The petition was not accompanied by either the required filing fee or an in forma pauperis application. As a result, an Administrative Order was issued on July 26, 2005 granting Sears thirty (30) days in which to either pay the required filing fee or submit an in forma pauperis application. The Administrative

Order forewarned Petitioner that failure to comply would result in dismissal of his action without prejudice.

Sears states that he pled guilty to a charge of conspiracy to distribute Methamphetamine in the United States District Court for the District of Nebraska. Petitioner adds that he has been in prison for 56 months and was scheduled to be released from LSCI-Allenwood on July 22, 2005, the same day this petition was filed. Sears also provides a residential address in Lincoln, Nebraska as being his forwarding address.

The present action does not challenge the validity of Petitioner's criminal conviction nor the calculation of his resulting sentence.  Rather, Sears claims that he is going to be deported from this country to the United Kingdom by the Bureau of Immigration and Customs Enforcement (BICE).  His petition challenges the legality of his removal on the basis that it would be contrary to international law.

Specifically, Sears asserts that his son, a United States citizen, has the right to live with his father "in his own country, the U.S." Record document no. 1, ¶ 4(a). Petitioner argues that his proposed deportation is an "interference with family life" and thus violates Article 17 of the International Covenant on Civil and Political Rights ("ICCPR") and Article 9 of provisions established by the United Nations' Human

2

Rights Committee.  Id. at (b).  His petition adds that his proposed deportation constitutes an equal protection violation of the Fourteenth Amendment.  As relief, Petitioner seeks release on bond from his BICE detention or reentry into the United States in the event that he has already been deported.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

**<u>Release on Bond</u>**

A copy of this Court's July 26, 2006 Administrative Order which was sent to LSCI-Allenwood was returned to this Court as undeliverable with a notation indicating that Sears had been deported. Upon contacting the BICE, this Court confirmed that Petitioner was deported to the United Kingdom on July 26, 2005. Thus, Sears' petition to the extent that it seeks his release on bond from BICE detention is subject to dismissal on the basis of mootness.[1]

**<u>Challenge to Removal</u>**

"Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231." Doc. 20, pgs. 2-3. The amendment became effective on May 11, 2005.

Section 106(c) provides that "[i]f an alien's case, brought under section 2241 of Title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of

---

[1] The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original). Since the Petitioner has already been deported, his request to be released on bond during the pendency of his removal proceedings is clearly moot.

this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).  The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply."

   Sears is clearly challenging a final administrative order of removal, therefore under Section 106(c), the circuit court wherein the Immigration Judge presided over the immigration proceedings and issued Petitioner's administrative removal order is the only proper venue for his present claims.

As previously noted, Sears has been deported and his current whereabouts are unknown.  He has failed to either pay the required filing fee or submit an in forma pauperis application with respect to the filing of this petition.  Furthermore, a review of the record provides no clear indication as to the identity or location of the Immigration Judge who issued the final administrative order of removal.  Based on the above circumstances, this matter will be dismissed without prejudice.  The Petitioner may

reassert his challenge to the final order of his removal before the appropriate Court of Appeals.  Consequently,

**IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus is dismissed without prejudice.
2. The Clerk of Court is directed to CLOSE this case.

                                                   s/ James F. McClure, Jr.
                                                JAMES F. MCCLURE, JR.
                                                United States District Judge